UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

CYNTHIA HART,

    Plaintiff,

v.                                        CASE NO:
                                            HON:

MACOMB COUNTY, CHARTER TOWNSHIP OF CLINTON,
and PAUL COLLINS,
in his individual and official capacities,

    Defendants.
_____/
CHRISTOPHER TRAINOR & ASSOCIATES
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
KRYSTINA R. DOSS (P77365)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shawn.cabot@cjtrainor.com
_____/

THERE IS NO OTHER PENDING OR RESOLVED ACTION ARISING OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT

### **COMPLAINT AND JURY DEMAND**

**NOW COMES** Plaintiff, **CYNTHIA HART**, by and through her attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for her Complaint against the above-named Defendants states as follows:

1

1.      Plaintiff is currently a resident of the City of Sterling Heights, County of Macomb, State of Michigan.

2.      Defendant Paul Collins is and/or was at all times mentioned herein acting under color of law, in his individual and official capacities, and within the course and scope of his employment as a police officer/investigator with Defendants Macomb County and Charter Township of Clinton.

3.      The events giving rise to this lawsuit occurred in the County of Macomb, State of Michigan.

4.      Defendants Charter Township of Clinton and Macomb County are municipal corporations and governmental subdivisions which are organized and existing under the laws of the State of Michigan

5.      This lawsuit arises out of Defendants' violations of Plaintiff's federal constitutional rights as secured by the Fourth Amendment as it applies to the States through the Fourteenth Amendment to the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. § 1983. Plaintiff also has viable state law claims.

6.      Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 [federal question] and 28 U.S.C. § 1343 [civil rights].

7.      That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not including interest, costs, and attorney fees.

## FACTS

8. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as through fully set forth herein.

9. Plaintiff was the long-time (22 years) girlfriend/common law wife of Brian Walker, who was the son of Sandra Leah McPherson ("Sandra McPherson").

10. In 2011, Sandra McPherson sold a 2002 Chevrolet Avalanche to Brian Walker; wherein Brian Walker and Plaintiff paid $10,000 to Sandra McPherson in the form of cash and check payments from 2011 through 2013.

11. Sandra McPherson was unable to find the title to the Avalanche at the time she gave the Avalanche to Brian Walker, but assured him that she would get it to him.

12. Plaintiff then subsequently added the Avalanche to her existing auto insurance policy.

13. Being unable to locate the original title to the Avalanche, Sandra McPherson personally went to the Michigan Secretary of State office and requested a duplicate State of Michigan Certificate of Title on March 6, 2017 for the 2002 Chevrolet Avalanche because the original title was "LOST;" and she paid for this paperwork with her personal credit/debit card.

14. When Sandra McPherson obtained the title, she gave same to Brian Walker, along with a copy of the Duplicate Title Application that she submitted to the Michigan Secretary of State.

15. On or about July 5, 2017, Brian Walker then had Plaintiff, his common law wife, put the title of the Avalanche in her name since at that time he had become paralyzed and unable to drive.

16. The Avalanche developed a multitude of serious mechanical issues causing the vehicle to be unsafe to drive; and it had in excess of 174,000 miles on it.

17. On October 23, 2017, Plaintiff signed the title of the Avalanche, which was in her name, to Buff Whelan Chevrolet and used the trade-in amount as a down payment on a lease for a 2018 Chevrolet Equinox.

18. Sandra McPherson was aware of the aforementioned transaction; had ridden in the Equinox with Plaintiff on numerous occasions; and had commented to Plaintiff that she was pleased with the vehicle and liked the dealership where the vehicle was leased from.

19. Brian Walker, and subsequently Plaintiff, became estranged from Mr. Walker's mother (Sandra McPherson) and ultimately passed away due to end stage renal failure on April 23, 2019.

20.  On March 22, 2019, Sandra McPherson, who was known to be suffering from dementia, went to the Clinton Township Police Department and advised that the 2002 Avalanche had been stolen.

21.  On May 14, 2019, Sandra McPherson, who was not on good speaking terms with her son (Brian Walker) and Plaintiff, was interviewed by Defendant Collins.

22.  Defendant Collins was a police officer/detective with the Charter Township of Clinton Police Department and was also an investigator with the Macomb Auto Theft Squad ("MATS"); MATS is a multi-jurisdictional task force comprised of investigators from various police agencies in Macomb County.

23.  During the May 14, 2019 interview with Ms. McPherson, she told Defendant Collins that while she claimed to have the original title to the Avalanche, she could not produce it.

24.  On June 28, 2019, Defendant Collins telephoned Plaintiff; at which time she advised Defendant Collins that she had proof of her ownership of the Avalanche including proof of payments made for its purchase.

25.  During the June 28, 2019 telephone conversation, Plaintiff specifically stated to Defendant Collins that Ms. McPherson suffered from dementia and that she was only making the complaint against Plaintiff in retaliation against Plaintiff because of Plaintiff's involvement in a lawsuit brought by Ms. McPherson which Ms. McPherson not only lost; but had to pay a judgment on.

26. On July 3, 2019, Defendant Collins was provided various documents showing payments made for the purchase of the Avalanche.

27. During a July 3, 2019 telephone conversation with Defendant Collins, Defendant Collins demanded that Plaintiff come to his office for an interview without her attorney; and that if Plaintiff did not meet with him, he would issue a warrant for her arrest, which Defendant Collins ultimately did in fact do.

28. Prior to having an arrest warrant issued against Plaintiff, Defendant Collins knew or should have known that Sandra McPherson used her own credit/debit card to purchase the duplicate title on March 6, 2017 at the Secretary of State office.

29. Prior to having an arrest warrant issued against Plaintiff, Defendant Collins knew or should have known that Sandra McPherson would have had to show photo identification to obtain a duplicate title; and he would have known that Sandra McPherson and Plaintiff do not look alike.

30. Prior to requesting a warrant for Plaintiff's arrest, Defendant Collins knew or should have known that Plaintiff was not involved in obtaining a duplicate title because she was working on the date and time in question and could not have been at the Secretary of State's office.

31. Prior to requesting a warrant for Plaintiff's arrest, Defendant Collins knew or should have known that Sandra McPherson used her debit/credit card to make a

Point of Sale transaction in the amount of $20.30 at Secretary of State Branch #164 on March 6, 2017 which posted on March 7, 2017.

32. Prior to requesting a warrant for Plaintiff's arrest, Defendant Collins knew or should have known that Russell C. Gray, a retired police officer, knew that Sandra McPherson sold the Avalanche to Brian Walker (Plaintiff's boyfriend/common law husband).

33. Prior to requesting a warrant for Plaintiff's arrest, Defendant Collins knew or should have known that Russell C. Gray accompanied Ms. McPherson to the Secretary of State office on March 6, 2017 where she requested a duplicate title for the Avalanche, and subsequently delivered the title to Mr. Walker; and after which Plaintiff took to the Secretary of State to put title in her name.

34. In July of 2019, Defendant Collins was responsible for submitting an arrest warrant against Plaintiff on two (2) Counts of Intent to Pass False Title, in violation of the Michigan Motor Vehicle Code (MCL 257.254); despite not having any probable cause.

35. Plaintiff turned herself in and attended an arraignment on the above charges on or about July 12, 2019.

36. The case against Plaintiff was dismissed by the 16th Circuit Court on November 6, 2019.

37. That as a direct and proximate cause of Defendants' unlawful actions against Plaintiff as described herein, Plaintiff has suffered injuries and damages including, but not limited to, the following: potential loss of earnings and earning capacity; loss of career opportunities; loss or reputation and esteem in the community; mental and emotional distress; and loss of the ordinary pleasures of life.

## COUNT I
## VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S.C. § 1983—ILLEGAL SEARCH AND SEIZURE
## AS TO DEFENDANTS

38. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

39. That the Fourth Amendment to the United States Constitution establishes that Plaintiff has the right to be free from the deprivation of life, liberty, and bodily security without due process of law and to be free from unreasonable searches and seizures.

40. At all material times, Defendant Collins acted under color of law and unreasonably when he violated Plaintiff's Fourth Amendment rights when he had Plaintiff falsely arrested/issued an arrest warrant against Plaintiff without probable cause or exigent circumstances.

41. Defendant Collins acted unreasonably and failed in his duties when he had an arrest warrant issued against Plaintiff without considering the totality of the circumstances and then proceeded with the legal process thereafter without probable

cause.

42. Defendant Collins acted under color of law and is not entitled to qualified immunity because he violated Plaintiff's clearly established Fourth Amendment right to be free from unreasonable searches and seizures.

43. Defendant Collins' unlawful and unconstitutional acts were the direct and proximate cause of Plaintiff's deprivation of her constitutional rights.

44. Due to Defendant Collins' actions and/or inactions, Plaintiff's Fourth Amendment rights were violated and pursuant to 42 U.S.C. § 1983, Plaintiff respectfully requests that this Honorable Court award exemplary, compensatory, and punitive damages plus costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an award in her favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

## COUNT II
## GROSS NEGLIGENCE

45. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

46. Defendant Collins owed a duty to Plaintiff not to engage in activities or actions that would endanger or cause harm to individuals.

47.     Defendant Collins breached his duties by acting indifferently and/or grossly negligent without regard to Plaintiff's rights.

48.     Defendant Collins' conduct was so reckless as to demonstrate a substantial lack of concern for whether an injury resulted to Plaintiff.

49.     Defendant Collins' grossly negligent conduct was the most immediate, efficient, and direct cause preceding Plaintiff's injuries.

50.     Defendant Collins knew or should have known that by breaching these duties, Plaintiff would suffer injuries and damages.

51.     The according to MCL 691.1407, the breach of Defendant's duties to exercise reasonable care was reckless and amounts to gross negligence.

52.     That as a direct and proximate result of Defendant Collins' indifferent/grossly negligent acts and/or omissions, Plaintiff suffered injuries and damages.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), not including costs, interest, and attorney fees.

### COUNT III
### DEFENDANT MACOMB COUNTY AND CHARTER TOWNSHIP OF CLINTON'S CONSTITUTIONAL VIOLATIONS

53.     Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

54. Defendants Macomb County and Charter Township of Clinton acted intentionally and with deliberate indifference to the obvious and/or known risks to Plaintiff's personal rights, safety, health, reputation, and/or liberty when it practiced and/or permitted customs and/or practices which resulted in violation of Plaintiff's constitutional rights complained of herein.

55. These unlawful customs, policies, and/or practices included, but were not limited to the following:

    a.    failing to adequately and appropriately train and supervise their employees;

    b.    failing to supervise, review, and/or discipline employees whom Defendants knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its employees to engage in illegal conduct; and

    c.    failing to require its employees to comply with established policies and/or procedures and to discipline or reprimand employees who violated these established polices.

56. Defendants' violations of Plaintiff's constitutional and statutory rights were a direct and proximate cause of her injuries.

57. The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff's clearly established constitutional rights and pursuant to 42 U.S.C. § 1983,

and Plaintiff has a viable claim for compensatory and punitive damages as well as interest, costs, and attorney fees.

**WHEREFORE** Plaintiff respectfully requests that this Honorable Court enter an award in her favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00 00) exclusive of interests, costs, and attorney fees.

        Respectfully Submitted,

        CHRISTOPHER TRAINOR & ASSOCIATES


        BY:  **/s/ Shawn C. Cabot**
        CHRISTOPHER J. TRAINOR (P42449)
        SHAWN C. CABOT (P64021)
        KRYSTINA R. DOSS (P77365)
        Attorneys for Plaintiff
        9750 Highland Road
        White Lake, MI  48386
        (248) 886-8650
        shawn.cabot@cjtrainor.com

Dated:  December 17, 2020
SCC/

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

CYNTHIA HART,

    Plaintiff,

v.                                                    CASE NO:
                                                       HON:

MACOMB COUNTY, CHARTER TOWNSHIP OF CLINTON,
and PAUL COLLINS,
in his individual and official capacities,

    Defendants.
_____/
CHRISTOPHER TRAINOR & ASSOCIATES
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
KRYSTINA R. DOSS (P77365)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shawn.cabot@cjtrainor.com
_____/

## DEMAND FOR TRIAL BY JURY

**NOW COMES** Plaintiff, by and through her attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and hereby makes a Demand for a Trial by Jury in the above-captioned matter.

        Respectfully Submitted,

        CHRISTOPHER TRAINOR & ASSOCIATES


        BY:  **/s/ Shawn C. Cabot**
        CHRISTOPHER J. TRAINOR (P42449)
        SHAWN C. CABOT (P64021)
        KRYSTINA R. DOSS (P77365)
        Attorneys for Plaintiff
        9750 Highland Road
        White Lake, MI  48386
        (248) 886-8650
        shawn.cabot@cjtrainor.com

Dated:  December 17, 2020
SCC/